THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CLINTON BURTON, JR.                                              PLAINTIFF

v.                                             CIVIL CASE NO. 3:20-CV-266-RP

COMMISSIONER OF SOCIAL SECURITY                                  DEFENDANT

## OPINION AND JUDGMENT

Clinton Burton, Jr. seeks judicial review pursuant to 42 U.S.C. § 405(g) of the unfavorable

decision of the Commissioner of Social Security regarding an application for supplemental security

income, a period of disability and disability insurance benefits. The parties have consented to entry

of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. §

636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The undersigned held a

hearing on August 18, 2021. Having considered the record, the administrative transcript, the briefs

of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the

Commissioner's decision is not supported by substantial evidence and should be remanded.

## Standard of Review

In determining disability, the Commissioner, through the Administrative Law Judge

("ALJ"), works through a five-step sequential evaluation process.[1] The burden rests upon

plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff

is successful in sustaining his burden at each of the first four levels, then the burden shifts to the

Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

1

gainful activity.[3]   Second, plaintiff must prove his impairment is "severe" in that it

"significantly limits [his] physical or mental ability to do basic work activities . . . ."[4]   At step

three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are

medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1,

§§ 1.00-114.09 (2010).[5]   If plaintiff does not meet this burden, at step four he must prove that he

is incapable of meeting the physical and mental demands of his past relevant work.[6]   At step

five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional

capacity, age, education and past work experience, that he is capable of performing other work.[7]

If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the

chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by

substantial evidence and whether the Commissioner used the correct legal standard.   *Crowley v.*

*Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993);

*Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990).   The court has the responsibility to

scrutinize the entire record to determine whether the ALJ's decision was supported by substantial

---

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010).   If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity."   20 C.F.R. § 416.925 (2003).

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8]*Muse*, 925 F.2d at 789.

2

evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## Commissioner's Decision

At step one of the sequential analysis, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date. At step two, he found that the plaintiff has the medically determinable impairments of cerebral degenerations and hypertension. However, he went on to find that Plaintiff "does not have an impairment or combination of

---

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

impairments that has significantly limited the plaintiff's ability to perform basic work related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments."   As such, the ALJ concluded that the plaintiff is not disabled.

### Discussion

The plaintiff argues primarily that the ALJ committed error at step two when he found the plaintiff's impairments to be non-severe.   The plaintiff argues the ALJ did not apply the correct severity standard as set forth in *Stone v. Heckler,* which held an impairment can be considered as not severe "only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience."   752 F.2d 1099, 1101 (5th Cir. 1985).   The Commissioner concedes that the ALJ used an incorrect severity standard, but the Commissioner argues the error is harmless because the record evidence does not support a finding of severity under the proper standard.[11]   The court finds that remand is warranted.

---

[11] During oral argument before this court, while acknowledging that the Commissioner's brief concedes an incorrect severity standard was used, counsel for the Commissioner pointed out that in *Keel v. Saul,* the Fifth Circuit held there is no error where, as in this case, the ALJ applies the severity standard set forth in SSR 85-28 instead of citing the precise language of *Stone,* because the two "are not substantially different enough to warrant a finding of error."   986 F.3d 551, 556 (5th Cir. 2021).   As such, counsel argued, the ALJ did not use an incorrect standard in this case. However, the Commissioner having conceded its position on this vital issue in its brief, which was submitted subsequent to the Fifth Circuit's *Keel* decision (in fact the Commissioner cites *Keel* for a separate proposition in its brief), the Commissioner waived any argument to the contrary and may not raise it for the first time at oral argument.   "As a general rule, a party waives any argument that it fails to brief on appeal."   *United States v. Whitfield,* 590 F.3d 325, 346 (5th Cir. 2009).   Likewise, "failure to brief an argument in the district court waives that argument in that court."   *Magee v. Life Insurance Company of North America,* 261 F.Supp.2d 738, 748 n.10 (S.D. Tex. 2003).

4

The Fifth Circuit in *Stone* held, "Unless the correct standard is used, the claim must be remanded to the Secretary for reconsideration." 752 F.2d at 1105. Although the Fifth Circuit has since clarified that a harmless error analysis is used when, despite *Stone* error, the ALJ finds one or more other impairments to be severe and proceeds past step two in the sequential analysis, "*Stone* and post-*Stone* Fifth Circuit cases 'continue to hold that an ALJ's failure to apply the proper severity standard requires [automatic] remand when the ALJ ends his analysis at step two and finds that a claimant is not disabled because he has no severe impairments.'" *Hitchcock v. Berryhill,* No. 3:17-cv-3164, 2019 WL 1128866, at *8 (N.D. Tex. Mar. 12, 2019) (quoting *Foster v. Astrue,* No. CIV.A H-08-2843, 2011 WL 5509475, at *14 (S.D. Tex. Nov. 10, 2011)); *see also Rollins v. Berryhill,* No. 7:17-CV-00136, 2018 WL 2064781, at *5 (N.D. Tex. May 2, 2018) ("Automatic remand is only required in cases where the ALJ used the incorrect standard and did not proceed past step two."). In the present case, because it is conceded the ALJ used an incorrect severity standard, and because the ALJ ended his analysis at step two and found the plaintiff is not disabled because he has no severe impairments, remand is required under *Stone.*

For these reasons and for those announced on the record at the conclusion of oral argument, the Commissioner's decision is REVERSED and REMANDED for a rehearing of the plaintiff's application under the fourth sentence of § 405(g).

**SO ORDERED**, this the 18th day of August, 2021.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE